So, without further ado, we'll call our first case. Case number 13-3264, People v. Jerome Weathers. Would both attorneys that are going to address the court please step up and identify yourselves for the record. Good morning, your honors. Lauren Bowser from the Office of the State Appellate Defender on behalf of Jerome Weathers. Morning. Morning. And Assistant State's Attorney Douglas Harvath on behalf of the People. Mr. Harvath. All right. Each of you will have approximately 15 minutes to present your argument. And from that, Ms. Bowser, you may save us some time for rebuttal. I save five minutes for rebuttal. All right. With that, you may proceed, Mr. Harvath. Take the seats if you would. Good morning, your honors. May it please the court. In 2005, Jerome Weathers filed a motion to suppress his confession alleging that Detectives James O'Brien and John Halloran shoved him, grabbed him, and made violent contact with him, jabbed him with a flashlight, withheld food from him, put him in a very cold room, took his clothes, and left him only a hospital gown. When private counsel took over the case from the public defender who had been previously representing him, within a month, counsel withdrew that motion and it was never litigated. In 2013, Weathers sought leave to file a successive petition, and he attached to that petition a list of 76 allegations of misconduct against these detectives that was compiled by the Illinois Torture, Inquiry, and Relief Commission. Your honors, under the Illinois Supreme Court's decision in People v. Rice, this list contained numerous allegations of abuse that are substantially similar to those made by Weathers over a decade ago, established the necessary cause and prejudice to allow Weathers to file a successive petition and pursue a claim that a physically coerced confession was used against him at trial. When was the most recent report that he relies on? The torture? Mr. Weathers attached to his petition a 2012 report from the Torture, Inquiry, and Relief Commission that he alleges he received in early 2013. Thank you. First, the Torture Commission's report establishes cause for Weathers' failure to bring this claim in his prior petition because it is the first time that Weathers can corroborate his claims of physical abuse with independent evidence. In Rice, this court recognized that Mr. Rice had met the cause requirement when he attached to his petition, his successive petition, the 2006 Special Prosecutor's Report, or the Egan Report. The court held that that was sufficient to overcome procedural bars because this was the first time that Mr. Rice could argue that he had significant corroboration for his abuse claims. Similarly here, this is the first time that Jerome Weathers has independent corroboration of these abuse allegations he made a decade ago. This is before the Special Prosecutor's Report was released and before the abuse by these detectives was commonly known. The Illinois Torture Commission was created specifically by our legislature to investigate police torture. Counsel, I'm sorry, but he did not raise anything relating to the physical coercion in his initial post-conviction petition? He did not. Or in his direct appeal? Correct. I mean, he knew he had facts. He may not have had corroborating facts like this report, but he knew himself, presumably, that he had been physically coerced. But he didn't raise it at all. The state says that's the first level of forfeiture in this case. Well, showing the cause of prejudice is the analytical tool that we use to excuse for purposes of fundamental fairness procedural bars such as Rose Giudicata and Waiver. Here, had Mr. Weathers raised this in his first petition, it certainly would have been dismissed. He had no factual support for it. The state would have been arguing only his self-serving claims are the only thing that supports this. So we'd be here arguing that he's now shown cause to overcome Rose Giudicata instead of Waiver. But as this Court recognizes in People v. Nicholas, really cause and prejudice gets at both of those things, excusing a procedural bar on the basis of fundamental fairness because of the seriousness of the allegations here. Well, Bryce kind of also says, doesn't it, that if there is a physically coerced confession and if he were to establish that at the third stage, then he would be entitled to a new trial regardless of how much evidence the state had at that first trial. Correct. And doesn't that Bryce case also cast a deep, dark shadow on People v. Orange? It does, absolutely, Your Honor. And Mr. Orange was exonerated. And also as far as Mahaffey goes, which the Orange case relied upon in that one section regarding a physically coerced confession. The Supreme Court in Rice pretty much said we're overruling that portion of our decision in Mahaffey. Correct. The Rice Court said this is how we're going to look at these coercion claims going forward. If you're going to establish a well-pled claim of coercion that has been corroborated now, we're going to allow these claims to go forward. Cause and prejudice just allows the defendant to file the petition. It doesn't relieve him of the evidentiary burden to ultimately prove the claim at an evidentiary hearing. After he's consulted with a lawyer at the second stage who can help him investigate the claim and amend the petition, that sort of thing. And then after a hearing, others may or may not be able to actually prove these allegations. But at this point, he just wants the petition to go forward. He wants to be heard on these allegations that he's never been heard on. He did put all these allegations, though, in his original motions of suppression, which for whatever reason his attorney withdrew. Correct. There was no hearing on the motions of suppression. He never had a hearing where he could bring these claims without a hearing on them. As noted in the briefs, petitioners are required only to make factual allegations, hear these factual allegations, support a claim of physical coercion. Again, he's only seeking to file at this point. There's a very low pleading bar for claims of coercion such as this. And this is easily met by attaching 76 allegations, many of which are substantially similar to his. In addition to the fact that he says he was grabbed and shoved violently, jabbed with a flashlight, several of the Turk exhibits point out unusual allegations such as being left in a cold room and only a gown. So this does corroborate him in the sense that it really shows that these detectives had a pattern in practice, that the Turk report's list of exhibits has shown. What do you say to the state's argument that this is really just a Strickland claim that was raised in the success of PC? Well, again, pro-state petitioners are not required to correctly legally categorize their factual assertions. The Supreme Court has said that a pro-state petitioner is unlikely to be aware of the exact legal basis for his claim and which facts are essential to completing that claim. So they don't have to plead legal claims. They have to plead factual allegations. Under the low pleading threshold, it's in the glyphs, but it's just easily met back here. And then I point out the state relies on People v. Jones, but this isn't a Jones situation. If I was up for arguing that Mr. Weathers had a coerced confession when he had raised a claim in his petition and the sentence was excessive, that's the kind of situation that Jones is talking about. He pled allegations about police coercion and that he has new evidence that supports his claim, and that's what we're all up here talking about. This isn't a different claim. This is what Mr. Weathers wants to go for in his petition. I would also just point out this court can take judicial notice of other court proceedings, and both in Rice and People v. Nicholas, the defendants there didn't specifically call their claims a due process claim. They alleged they had new evidence, or they alleged a Brady claim. So this notion that, I don't know, the state wants the magic words due process to be in his petition, but that's not the bar we hold a pro-state petitioner to. If there was a requirement that the claims had to be in a correct legal format before he was even given leave to file, that would render the whole second stage proceeding where he's given an attorney to help him shape the claims correctly superfluous. At this point, we just look at the factual allegations and whether they potentially could support a claim. Because the Supreme Court in Rice said that there's a per se rule, the state's use of a coerced confession at trial is not a harmless error and always satisfies the prejudice test, Jerome Rose therefore established cause and prejudice to overcomfort this procedural bar for not having raised this claim in his first petition and should be allowed to file his petition. All right. We will permit you some time for rebuttal. Thank you. Mr. Horvath? Thank you, Your Honor. May it please the Court, Assistant State's Attorney Douglas Horvath on behalf of the people of the state of Illinois. The Illinois Supreme Court has long held that reviewing courts may only review claims that are actually raised in a post-conviction petition and that post-conviction petitioners cannot wait until appeal to frame the grounds for their relief. In this case, the defendant in his brief concedes that he did not include a due process claim, that his confession was coerced. But post-conviction petitioners. What did he say in his successive post-conviction petitions? In his successive petition, he claimed that counsel was ineffective for failing to litigate the motion to suppress on the grounds that his, one of the grounds in the motion to suppress was that his confession was coerced. But that was the issue before the trial court, excuse me, the post-conviction court was conferred with the claim of ineffective assistance of counsel, which the trial court was aware, clearly was aware that this court in a prior appellate proceeding had already found that the ineffectiveness claim was without merit. So it's clear why the defendant now on appeal is reframing it. Why did we say it was ineffective in our previous decision? That counsel was not ineffective. Excuse me. Because the defendant couldn't possibly establish prejudice. Because the evidence in this case was truly overwhelming. Right. When he said that, that was before the Supreme Court said in Rice that there can never be harmless error with a physically coerced confession. So that decision was based on case law at the time. But Rice has changed substantially the horizon, the landscape, if you will, because Orange and Mahaffey did permit the court to say that even if there was this error occurring for a coerced confession, that you could still consider all the evidence in deciding that it didn't. That it didn't matter. Yes. And the Supreme Court changed all that in Rice. I beg your pardon. But I don't think the Supreme Court, in fact, I know the Supreme Court in Rice didn't get rid of the cause prong, Your Honor. So, of course, the admission of a physically coerced confession is not subject to harmless error analysis, clearly. Why didn't you discuss Rice in your brief? Because in Rice the state conceded cause. The case before the court right now is entirely without cause. Well, is it really without cause? Why? Because, first of all, the defendant did not raise the claim of coerced confession in his initial post-conviction petition, although he could have. And he clearly could have. How do we know he could have? And I think Justice Ellis pointed out, well, he would have been personally aware that he was attacked, that he was jabbed, that he was shot. But he did make all these allegations way back when. In his motion to suppress. And there's nothing new about the allegations. He alleged all this many, many years ago. In the motion to suppress, yes, that he withdrew. Well, he was represented by a lawyer. And for whatever reason, that lawyer never even proceeded on the motion to suppress. Well, I guess I would disagree with Your Honor. It is spread of record that he did communicate with Mr. Weathers, and that with his permission and his understanding and his knowledge, that motion was withdrawn. And this court actually found that in its prior holding, that the defendant acquiesced. And the court used that language, that he acquiesced, and cited a case saying that a defendant acts through his lawyer. So it was withdrawn with his knowledge. So he abandoned it before trial. And then he abandoned it again. I think what's more important for the court's analysis in this case is that he abandoned it in his initial post-conviction petition. And I would like to ask. In that one, it was a claim of not being advised of his Miranda rights? Correct. That counsel was ineffective for failing to litigate the motion on that basis. But it's important to note that the defendant's first petition was filed in 2009. In 2006, more than three years before, that's when the report of the special state's attorney came out. So the defendant not only had the wherewithal, or could have had the wherewithal, to claim coercion in his first post-conviction, he had evidence that hundreds and hundreds of defendants were relying on from the Egan report in 2006. Did he have the 2012 report? Are you referring to the report that's attached to George Ellis Anderson's? Yes. Well, clearly, that report was not available until 2012. Did he have all the information about these two particular detectives? Absolutely. No. Did he have all the information about them taking their Fifth Amendment right in numerous cases regarding torture? The particular officers involved in this case? Your Honor, I actually did check that in the 2006 report, and actually it's in Rice itself, because I believe Rice or Nicholas, one of the two cases involved Detective O'Brien. So he's identified in the 2006 report by name that all these, if it's not hundreds, it's dozens of other post-conviction petitioners had the wherewithal to get that report and attach it to their post-conviction petition, or at least be aware of it and say, hey, you know what, now I've got something to support, with evidentiary support for my claim. Well, when is it that we relax the bar of race judicata? I beg your pardon? When is it that we relax the bar of race judicata? Well, it can be relaxed under certain circumstances when fundamental fairness. Right, fundamental fairness. And fundamental fairness is, as Pitsenbarger says, is the test for fundamental fairness is whether a defendant can show cause and prejudice. Because of course, if he had cause. But isn't it fundamentally fair to have a person incarcerated who claims he was tortured to give a confession, which was one of the basis for his conviction? Is it fundamentally fair to say, well, he didn't raise it, so we're not going to listen to it? I may sound like an animal by saying that it is fundamentally fair. But also, we've got a completely animalistic behavior. I'm glad Your Honor asked that question. Because I was thinking, well, what if a defendant waited 20 years, 30 years, 60 years, ignoring all of the standards? It's never too late. It's never, never too late. Your Honor is suggesting that fundamental fairness is maintained in any trial, at any time. So it's never too late. Should we ignore the allegations? I don't think that's... Well, you have a lot here that you're asking us to just close a blind eye to. And I don't mean anything disrespectful when I say blind. But we have a defendant who made these very particularized allegations a long time ago. And he abandoned them. And there was very much evidence against him. There's no question about that. Evidence you don't normally see in a case. Gunshot residue. Basically caught fleeing from the scene. Gun falling out of his pocket. Gunshots matched the gun from the body of the deceased with the gun that he was arrested with. Overwhelming evidence. No question about it. But perhaps that was why his lawyer withdrew the motion to suppress. And then he gets up on appeal? Who's controlling the appeal? Who's controlling the first PC? Who's controlling the successive PC? On appeal? The lawyers? On appeal. Naturally. Right. So just to say that if we ever, if there's enough in the petition to suggest that the confession was physically coerced, if he gets to that point, then he has to have a trial without that coerced confession, regardless of the amount of overwhelming evidence that was presented. That's what Rice basically says. So why should we make an exception in this case? Because I think Your Honor is focusing on only prejudice. And, of course, yes, so prejudice is nationally satisfied according to Rice. If this is analyzed under due process, and I would like to just bring it back briefly, that this is not a successive petition, although it could have been. The defendant had the 2006 special state's attorney's report, like all these other defendants had, and they include it. This isn't something. In other words, Jerome Mothers' successive petition does not, is not contingent upon what George Ellis Anderson attached to his PC. It's just not. It's just something he became aware of. Maybe he had a relationship with George Ellis Anderson. That is not the end all. There was volumes of other evidence and evidentiary evidence available. So I guess I would take exception to counsel's characterization. This is the first time, I think counsel said, the first time he's been able to bring this claim. It is not. He could have brought it. That's true. And that's why I want to emphasize that the cause prong still exists, even with torture cases. And I don't want this Court to think for a second that we minimize the torture claims, including the legitimate ones, that they are serious issues. Of all these other cases that were affirmed routinely that later were reversed for Burge torture allegations, doesn't that show that there's a little bit of a cause problem that the defendants maybe had and that the courts weren't really looking at it maybe perhaps as closely as they should have? You're referring to the circuit courts.  Well, I'll admit that some of these, like in Rice and in Nicholas, it's almost like, well, you're surprised that this didn't go at least to a second stage. Because those defendants, and you'll see the language of Rice itself, the words consistently, I think it's four times in that opinion, Stanley Rice consistently has claimed torture and coercion throughout. The same language is in Nicholas, consistently. Those are in the word longstanding. And so in the defendant's reply brief, he refers to Jerome Weathers' longstanding claim of coercion. He has not had a longstanding claim of coercion. He is not Stanley Rice and he's not Antonio Nicholas. He is a- No, but you have to admit or concede that he made these types of allegations when he first appeared in the trial court about the flashlight. Wasn't it a flashlight? That he was apparently driving- Wasn't it about him being in a room, left there, cold, his clothes were taken? I mean, all that was contained in his very first motion. That didn't come from his lawyer. I'm sure that came from him. And he withdrew that motion, Your Honor, and I think it's important. I think it is important. It's an affirmative. It is true. He's waiving a known right. He's waiving a coercion claim. I beg your pardon. Well, I'm saying the fact that he withdrew it, maybe on recommendation of a lawyer or whatever, that doesn't mean he never disavowed that those events occurred. I guess I would- Well, he made a formal waiver, a knowing waiver of his right to proceed on that motion. And I guess if- I'm wondering, well, Justice McBride asked, well, why did he withdraw it? He withdrew it because the evidence was so strong. Well, maybe he withdrew it because, and as we make in our brief, the evidence positively reputs any claim that he was, any remote claim that he was tortured or abused or coerced. Well, how can you really say that when it's becoming apparent that a lot of these torture claims were occurring without the knowledge of the assistant state's attorney asking the person if they were treated okay? And it's becoming apparent that that was all being done perhaps without anybody else's knowledge except the police officers that were engaged in the coercion. I mean, it's, I guess the, this is, our argument on that point is that the record itself, the existing record, provides absolutely no factual support for the divination. Well, isn't this case really about letting him go back, have a hearing, and if he is able to show, if, like they said in Rice. We're not saying that the allegations are true. Perhaps they are. They do have, they were made a long time ago and, but the case says that if he establishes that that confession was coerced, then he's entitled to a trial without the use of that coerced confession, regardless of the amount of evidence the state is able to marsh. Isn't that all this case is about, is letting him go back and go forward with a hearing? I think for the court to do what Your Honor just said, you would have to completely skip past the cause from. And I don't think, Rice certainly doesn't say that. In Rice, the state conceded cause, so Rice has nothing to say about cause. And I guess I would disagree that it casts doubt on the Orange decision. The Orange decision says that a defendant cannot get away from, can't evade procedural default just by doing the old switcheroo. He can't reframe his claims. And I would point out that the defendant didn't even include the claim in his successive. I'm speaking of the defendant himself. Of course, on appeal, he's completely reframed it because appellate counsel is obviously aware that he's facing procedural default if under race judicata. So this is not a secret why it's being put before this court in this fashion. How do you distinguish Nicholas? Nicholas is almost like Rice. He's almost identical to Rice, but it involves the cause prong. And the way it's different is because Antonio Nicholas did consistently testify. He claimed coercion in his motion to suppress. It was in his first post-conviction. Coercion was in his habeas corpus petition in federal court and his successive petition. Jerome Mothers has not officially claimed coercion and asked for a hearing to go forward on that basis until the appeal of his successive petition. He is not, and Ms. Thomas tried to say this, he's not Antonio Nicholas. But from a legal standpoint, he is not. He did not do what Antonio Nicholas did. And Antonio Nicholas, he was excused. He surmounted the cause prong because he'd been claiming from the very beginning, I was coerced. I was abused. I was mistreated. But he just didn't have the evidence to support it. Now Jerome Mothers comes along and all he has is George Anderson's report, which is not the end all. It just refers to the Turk report. Well, did Jerome Mothers have all this information all along? He was as able to get a hold of the 2006 special state's attorney's report as Stanley Rice was and as Antonio Nicholas was. He didn't do it. Can you elaborate on what was in that report with regard to O'Brien and Halloran? You mentioned O'Brien. Was Halloran in there too? I don't know for sure, Your Honor. And how detailed? I mean, the stuff that was submitted in the Turk report. It's not on the record in this case, and I have not, in preparation for today, I have not personally read that report. I know that Egan was appointed in 2002. So show them how far back these allegations have gone and how they were. And then it was four years later in 2006, July of 2006, that the report was filed and made publicly available, and that's why it's referred to in Rice, and I believe this Court referred to it in Nicholas as publicly available. So it's not like this was shoved in a file somewhere and you just sort of had to happen upon it. When did the evidence of the O'Brien, and I don't know if it's O'Halloran, when in time were all these lawsuits where they were testifying and exercising their Fifth Amendment right? I don't know exactly when that happened. Well, it was fairly recently, wasn't it? A judge, I would be guessing. I know that the Burge proceedings in federal court were maybe three years ago. Don't hold onto that, please. Okay. I guess I just, I think that there's no cause, and the coercion cases and the torture cases, they're absolutely as serious as they are, are not in a separate category where they're not excused for establishing cause. No defendant would be. And you can imagine other allegations that are equally serious. What? What could be more serious? Because the Supreme Court has said if there's a physically coerced confession, we'll never presume. I guess I'm thinking of any number of structural defects that would, without counsel, someone was forced to go to trial without counsel. I think this Court still has to address, it clearly has to resolve the cause prong, and I don't think the defendant has established cause. And I guess I would, just one last point, one of my time is approaching, but the point that the defendant didn't include the due process claim in his successive petition itself is important, because for this Court to resolve the claim on due process grounds a sort of usurping the circuit court's function. And in this case, Jerome Weathers is trying to, he's trying to have this Court adjudicate a new claim with new evidence. And we include in our brief all this new evidence that he's attached to his brief that wasn't before the trial court. I mean, I think that really is a strange take on appellate procedure. I mean, we're not having a new successive post-conviction hearing right here. I think the trial court is entitled to have the petition with the issues that are going to be raised going forward. But on the other hand, to accept your argument would be to say that a pro se defendant has to be held strictly to his pleading when we have, I think, always recognized that sometimes they're a little unartful. They have to get the facts out there, but they don't have to necessarily nail the law. Right. And I think the Supreme Court in Connick actually said, and there's been several courses, including this very Court in a case called Wayne Edwards, saying that no, that the cause and prejudice standard is a higher, it's a more exacting test than the gist standard. The gist standard is something less than a fully stated claim. The cause and prejudice standard, no, you have to have a fully stated claim. You can't just, it's a higher standard. The Supreme Court's already held that. Did he, at the hearing, was there any mention about the Turk report to Judge Wattis? The only thing, not the report itself, Your Honor, the only thing that was actually attached to Mr. Weather's successive petition was this ledger of allegations. So the report itself was not. But again, the report that the defendant is attached to is appellate brief. It's just a report with regard to George Anderson. And I think it's important that, so the defendant filed a motion to cite Sean Whirl, W-H-I-R-L, as additional authority. That case has absolutely no bearing on this case. Because in that case, Mr. Whirl actually had his own report. He had his own Turk report saying, yes, these allegations are substantiated, and he should go forward through a hearing. And the appellate court has found that that's tantamount to a third-stage hearing. So Mr. Whirl actually had a Turk report saying, yes, these are substantiated allegations. Were there, just correct me if I'm wrong, in this Turk report, which was partially attached to the defendant's successive petition, were there database entries for Detective O'Brien and Halloran attached to that petition that contained 36 allegations between 1989 and 2002 against Detective O'Brien and 40 separate allegations between 1991 and 2002 against Detective Halloran? My understanding is that the only exhibits attached to the defendant's successive petition in the circuit court were what are labeled as Exhibits D and G in his appellate brief. And incidentally, these are numbered with letters by the alphabet, and the ones in his petition were numeric. So this is essentially the defense just attached Mr. Anderson's evidence to his brief. But to answer Your Honor's question, the only thing that was attached to the petition were the ledger of allegations. And were they what I just said? I believe they were, Judge. So that's not false. All that was new in 2012, wasn't it? I don't believe so. All right, well, I think we understand. What you're saying is that there's been no cause shown here. So we should affirm. And we'll ask the spouser what she has to say in response about that cause. Your Honor, I would agree that this case is about cause. Mr. Weathers alleged that the first time he had learned about this pattern of practice was when he talked to George Anderson. But the state has just asserted, well, of course he had the 2006 report. That's complete speculation. We take his allegations in the petition as true at the pleading stage. And he said this was the first thing he'd learned of it. So we have to say, you know, cause is when the defendant has learned of it. And we can't speculate that just because he's in jail. And other people in jail had this report that he had this report. So I think them saying he could have raised this based on the 2006 report is speculation. That's something they can certainly, you know, probe at an evidentiary hearing. But as far as what's in the petition, he alleges this is the first time he's learned of these detectives' pattern of practice. Doesn't counsel correct the spouser when he says that the petition itself, even if you give it a very broad reading, it's an ineffective assistance claim, and you're alleging now or suggesting a due process claim for the first time? The fact that he didn't label it a due process claim doesn't mean it's not. Ultimately, if this were to pursue as an ineffectiveness claim, what is the ultimate error, though? That it was ineffective for counsel to not litigate this and allow a physically coerced confession to be used against Mr. Weathers at trial in violation of due process. So really, the claim here is that a physically coerced confession was used against him as substantive evidence of his guilt. Whether that's an error because counsel didn't litigate it, because the court wrongly ruled on it, all of those things, again, can be developed at an evidentiary hearing. But the error here is that that confession was used. So really, at this point, we're asking, was this a coerced confession? Are these allegations true? And that's really the question for the court here. I also point out that the state argues that he's affirmatively somehow backed off of these allegations because he withdrew the motion. But I would point out that the decision to withdraw a motion to suppress is a decision that is counsel's decision to make. It's a strategic trial decision. It's not one of those decisions that the defendant has an ultimate say on. So the fact that his attorney chose a different strategy... But didn't he previously say in one of our decisions that he agreed with that decision and acquiesced in that decision? And isn't he different than Rice and Nicholas because the procedural posture has shown that he didn't continue this allegation? Correct. Certainly, again, I think at an evidentiary hearing, it could come out, why didn't you raise this? Why did you drop this? Why wasn't this such a big deal to you? And we could find that his allegations are not credible because he didn't pursue them. But at this point, we're talking about a lawyer withdrawing a motion a month after he comes on the case. And yes, while the defendant is bound by his lawyer's decision, that doesn't mean he was disavowing, personally disavowing, allegations that he'd been beaten by his officers. So again, cause is, by definition, excuses a failure to bring a claim before. So whether, you know, Mr. Weathers can say, well, I just didn't think anyone would believe me. That's why I didn't put it in the first petition. Again, that's something we can ask at an evidentiary hearing. Why didn't you raise this before? That might burden his credibility, but it certainly doesn't mean he's disavowed his allegations. And I would also just suggest that this notion that because he presented this to the circuit court as an effectiveness, that the court didn't have the opportunity to address the due process claim, we're asking a circuit court judge to hear allegations that have been beaten by officers. Oh, by the way, there's 76 cases in which they've been accused of doing this, and the court is not required to be aware that that's a police coercion claim, that that's a due process claim. If he's like, no, you raised it as an effectiveness, any sitting judge at 26 and Cal today should know that that's a due process claim, that he has to look at the police coercion claim. So I would ask that this court recognize that because of the seriousness of the allegations, these procedural bars should be relaxed under Rice, under Nicholas, and allow Mr. Ruthers to go forward and present this claim. Thank you. Thank you. The case was well-argued, well-briefed, and we will take it under advisement.